IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY GILES** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-03649** |
| | § | **JURY** |
| | § | |
| **PALOMAR SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant*. | § | |

## AGREED MOTION TO ABATE PENDING OUTCOME OF APPRAISAL

**TO THE HONORABLE COURT:**

Defendant Palomar Specialty Insurance Company ("Palomar") and Plaintiff Mary Giles file this Agreed Motion to Abate Pending Outcome of Appraisal and show the Court as follows:

### I.       FACTUAL BACKGROUND

1.      This case involves a dispute over the cost necessary to make repairs as part of a residential property insurance claim for storm damages with an August 26, 2017 date of loss (Hurricane Harvey). Palomar issued Property Policy No. PIC-11821-1 to Plaintiff Mary Giles ("Giles" or "Plaintiff"). The Policy insured the property located at 13514 Lakecrest Drive, Cypress, Texas 77429 ("the Property") and was in effect from December 13, 2016 through December 13, 2017.

2.      Plaintiff submitted Claim No. PSI-98803 on August 30, 2017. Palomar assigned an adjuster to investigate the claim. Based on the results of the claim investigation, Palomar issued a letter to Giles denying the claim for no wind or hail damage as well as excluded flood damages.

On May 30, 2019, Plaintiff's attorney issued his pre-suit demand letter.

1

On July 19, 2019, Defendant invoked appraisal and designated its appraiser.

On August 22, 2019, Plaintiff's Original Petition was filed.

3.      The Policy's applicable appraisal provisions state as follows:

***

**7.      Appraisal**

   b)     If **you** or **we** fail to agree on the actual cash value (including the replacement costs and depreciation/obsolescence) or the **incurred property damage** of **your claimed loss**, either **you** or **we** may make a written demand for appraisal. The appraisal shall be made strictly in accord with the terms of this appraisal clause. Neither **you** nor **we** may assign the right to demand appraisal, whether before or after loss or damage. Any assignment shall be void.

   c)     1)     Within 20 days of the receipt of a written demand for appraisal, **you** and **we** each shall:
   
   (i)     appoint a qualified individual person as an appraiser; and
   (ii)    notify the other in writing of the appraiser's name and contact information.

   2)     In order for a person to be qualified to act as an appraiser, the person must be competent, independent, neutral and impartial. A person:

   (i)     who has performed, or who is employed by an entity which has performed any work or a person who has provided any service for either **your** or **us** in relation to any **claimed loss** under this policy, whether or not such work or service has been or will be paid; or
   (ii)    who has performed or may perform, or who is employed by an entity which has performed or may perform repairs or replacement of **your** property;

   shall not be qualified to serve as an appraiser.

* * *

**12.   Lawsuits Against Us**

   a)     No suit or action can be brought unless the policy provisions have been complied with.  A suit brought against **us** must be filed within 2 years and 1 day after the cause of action accrues.

   b)     If **you** disagree with **our** claim decision, **you** can file suit:

   1)     60 days after **we** receive **your** notice of disagreements under **Section I – Conditions**, item 3.c); or
   2)     if **we** do not request information from **you** within 15 days after **we** receive **your** notice of disagreements; or
   3)     if **we** do not notify **you** in writing of **our** decision on **your** disagreements within the time **we** are allowed under **Section I – Conditions**, item 3.c)4); or
   4)     after **you** receive **our** decision on **your** disagreements; or

2

   5)     if it is necessary to prevent the statute of limitations from expiring.
   c)   **You** can file suit before or after appraisal is requested.  **You** and **we** agree that
        a suit must be abated if appraisal is requested until appraisal is complete.
   d)   **If You File Suit Before Complying With Policy Provisions.**
        1)   If **you** file suit before **you** comply with the policy provisions, including
             providing notice of **your** disagreements, **you** and **we** agree:
             (i)    the suit must be abated until **you** comply with the policy
                    provisions, unless compliance is no longer possible; and
             (ii)   **our** duties under **Disagreements With Our Claim Decision
                    (Section I – Conditions**, item 3.c)) stop until **we** receive notice the
                    suit is abated.
        2)   **You** comply with the policy provisions under **Disagreements With Our
             Claim Decision** when **we**:
             (i)    receive notice of **your** disagreements;
             (ii)   receive the information **we** request from **you**, if any; and
             (iii)  notify **you** of **our** decision or **our** time to do so under **Section I –
                    Conditions**, item 3.c)4) has passed.

**\*\*\***

4.      The parties are now in the appraisal process. Consequently, Palomar and Mary

Giles request that the Court stay this litigation until after the completion of the appraisal in

accordance with the Policy provision cited directly above.

**II.      ARGUMENTS AND ANALYSIS**

**The Court should abate the matter-pending appraisal.**

5.      Judicial economy is best served by abating this matter until such time as the

appraisal process is complete.  *Parra v. State Farm Lloyds*, 7:14-CV-691, 2015 WL 12777192,

at \*3 (S.D. Tex. Apr. 28, 2015). Moving forward with discovery related to the alleged breach of

contract and extra-contractual causes of action when a condition precedent to the breach-of-

contract claim has not been satisfied is a waste of the parties' and the Court's resources.  *Parra*,

2015 WL 12777192 \*3.  Moreover, once appraisal has been invoked, as it has here, the parties

are contractually obligated to complete the appraisal process to determine the amount of the loss.

Consequently, this case should be abated pending appraisal.  The proper remedy to enforce the

appraisal condition of Palomar's policy is abatement of the case.  *Parra*, 2015 WL 12777192 \*3;

3

*Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  As a result of Palomar demanding appraisal of the amount of the loss, Plaintiff is contractually required to comply with appraisal and the case should be abated while the process is pending in accordance with the Policy provisions cited in Paragraph 3 above, and consistent with the case law cited in this paragraph – Paragraph 5.

### III.   CONCLUSION AND REQUEST FOR RELIEF

6.   Defendant Palomar Specialty Insurance Company and Plaintiff Mary Giles respectfully ask the Court to abate this lawsuit until the completion of the appraisal process.

Respectfully submitted,


By:   */s/ George Arnold*
**George H. Arnold,** *Attorney-in-Charge*
State Bar No.  00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299


And

**Michael L. Schneiderman**
State Bar No. 24033043
mschneiderman@postonlawfirmpllc.com
POSTON LAW FIRM, PLLC
6745 Calmont Avenue
Fort Worth, Texas  76116
Telephone:  (817) 697-3492
Facsimile:  (817) 697-3677

**ATTORNEYS FOR DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY**

4

By:  */s/ Shane McClelland     *w/ permission*
**Shane McClelland**
State Bar No. 24046383
shane@hmtrial.com
THE LAW OFFICE OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas  77494
Telephone:  (713) 987-7107
Facsimile:  (832) 827-4207

**ATTORNEY FOR PLAINTIFF**
**MARY GILES**

**CERTIFICATE OF SERVICE**

This is to certify that on the 4th day of December, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Shane McClelland
THE LAW OFFICE OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas  77494
shane@hmtrial.com
*Attorney for Plaintiff*

 */s/ George Arnold*
George Arnold